I, WILLIAMS, Judge.
In this workers’ compensation case, the claimant, Alberta Gosey, appeals a judgment in favor of the employer, General Motors Corporation (“General Motors”). The workers’ compensation judge denied the claim for compensation benefits, finding that claimant had failed to prove by a preponderance of the evidence that she sustained a work-related occupational disease or accident. For the following reasons, we affirm.
FACTS
In January 1999, the claimant was transferred from JCI, a seat-supplier for General Motors, to its main plant for a job as a “drive-off operator.” This job involved driving finished trucks off of the assembly line. According to claimant, she suffered from left knee pain as a result of her employment. She stated that her left knee pain progressed during the six weeks of driving hundreds of trucks off the line each shift. On February 19, 1999, she asked to go to the medical unit for treatment of pain in her left knee, but her request was denied because of a shortage of workers.
On February 22,1999, claimant reported to the plant medical office and was seen by Dr. Braswell, who wrote that she complained of a recurrence of pain in the left knee. Dr. Braswell did not write that claimant had mentioned her knee pain was worse after jumping in and out of trucks. The claimant went home and next returned to work 30 days later in March 1999. Claimant continued working until February 2000, when she took extended sick leave and then retired on “total and permanent disability” in February 2001.
| Jn August 2000, the claimant filed a disputed claim for workers’ compensation benefits against her employer, General Motors. The claimant alleged that she had injured her left knee on February 19, 1999, while in the course and scope of her employment. In the Medical Data portion of her compensation claim form, she identified three doctors who had provided her with medical attention, Dr. William Webb, Dr. Philip Kinnebrew, and Dr. Edwin Si-monton.
In response, General Motors filed an answer denying that claimant had been involved in an accident, suffered any disability, or was entitled to workers’ compensation benefits as a result of any occurrence in the course and scope of her employment. General Motors also asserted that all claims for workers’ compensation benefits had prescribed.
After a hearing, the workers’ compensation judge (WCJ) rendered judgment finding that claimant had failed to prove by a preponderance of the evidence that she sustained a work-related occupational disease or accident and dismissing the claim for compensation benefits. Claimant’s motion to set aside the judgment was denied. The claimant appeals the judgment.
DISCUSSION
The claimant contends the WCJ erred in dismissing her claim for compensation ben *1005 efits. Claimant argues that her injury or disease was work related because her left knee pain increased after driving trucks on the job.
An appellate court may not set aside a trial court’s finding of fact in 13the absence of manifest error or unless it is clearly wrong. The reviewing court must consider the record in its entirety to determine whether the trial court’s finding was manifestly erroneous. Cole v. Department of Public Safety, 01-2123 (La.9/4/02), 825 So.2d 1134; Stobart v. State of Louisiana, 617 So.2d 880 (La.1993). In applying the manifest error standard, an appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was reasonable. Cox v. Roofing Supply, Inc., 36,275 (La.App.2d Cir.8/14/02), 825 So.2d 1271.
In this workers’ compensation case, the following principles set forth in Cox, supra, are pertinent:
An employee is entitled to compensation benefits if he receives a personal injury by accident “arising out of and in the course of his employment.” La. R.S. 23:1031A. A claimant asserting an occupational disease must prove by a preponderance of the evidence that he suffers a disability which is related to the employment-related disease, that he contracted the disease during the course and scope of his employment, and that the disease is a result of the work performed. La. R.S. 13:1031.1A; Billington v. General Motors, Corp., 31,585 (La.App. 2 Cir. 2/24/99), 728 So.2d 966. The causal link between the employee’s occupational disease and work-related duties must be established by a reasonable probability. Shields v. GNB Technologies, Inc., 33,911 (La. App. 2 Cir. 10/4/00), 768 So.2d 774. The claimant will fail if he shows only a possibility that the employment caused the disease, or that other causes not related to the employment are just as likely to have caused the disease. Id.
Under the provisions of LSA-R.S. 23:1031.1(B), an occupational disease means only that disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease. Furthermore, arthritis of any type is specifically excluded from the 1 ¿classification of an occupational disease for purposes of R.S. 23:1031.1.
In the present case, while representing herself at the hearing on her claim for benefits, the claimant presented medical records and called Octavia Thomas and Ravis Henderson as witnesses. Thomas testified that she was a “coordinator” at General Motors and worked with claimant in January and February 1999. Thomas stated that claimant’s job involved driving trucks off the line to be picked up by another operator for a road test. Claimant was the only employee on the line performing this job on that shift, and the plant produced approximately 380 trucks per night. Thomas indicated that the trucks, although finished, did not have any steps on the side of the cab, and that the “high rider” trucks were a “problem for getting in and out.” Thomas testified that she did not remember whether or not the claimant had requested a break “to go to Medical” on February 19,1999.
Henderson testified that she met claimant in 1998, when they both worked at JCI. Henderson stated that claimant was “a good worker in the sense that she will go the extra mile to do the job.” Henderson testified that claimant had complained about the job of driving trucks off the line because it was “just hurting her to jump out of the trucks.” Henderson admitted that in February 1999 she did not work in the same department *1006 as claimant at General Motors, and that on February 19, 1999, the date of the alleged incident, she was not present at claimant’s location and did not have any specific knowledge of a work accident.
Claimant testified that her left knee pain had increased over the weeks that she worked driving trucks off the line, causing her to seek medical | ^attention. She stated that she sought compensation because her injury was caused by “jumping out of those tall trucks.” On cross examination, claimant admitted to having problems with her left knee prior to the alleged incident in February 1999. She explained that she fell at work in December 1994, and even though the incident report mentioned only her right knee, she asserted that the report should have indicated that both of her knees were injured. Claimant stated that falling incidents in 1996 or 1997 “could have” caused her left knee pain to return or get worse.
Claimant acknowledged that she experienced left knee pain in 1996 that persisted up to the time she went to see Dr. Kinne-brew in April 1998. After x-rays were taken, Dr. Kinnebrew informed claimant that the results showed arthritis in her left knee. Two months later, claimant was seen by Dr. Simonton, who also diagnosed her with arthritis in her left knee.
The claimant first saw Dr. Webb in June 1999 after the alleged incident. Dr. Webb’s report did not mention the claimant had told him that her left knee problem was related to getting in and out of trucks at General Motors. Claimant could not explain why this information was not in Dr. Webb’s report. Dr. Webb diagnosed claimant with osteoarthritis in her left knee. However, claimant asserted that she did not believe that Dr. Webb, Dr. Simonton, or Dr. Kinnebrew were correct in their diagnosis of her condition as arthritis.
In February 2000, Dr. Webb performed surgery on claimant’s left knee. Dr. Webb reported that he had found severe arthritis in her left knee. Claimant admitted that Dr. Webb had told her that he could not relate her | ¿left knee pain to any accident or activity at work.
Randy Weeks, who worked in claims administration at the General Motors plant, testified that claimant had received sick leave and retirement benefits that had been funded by the employer. Weeks specifically denied that he had ever told the claimant or anyone else at the plant that her alleged left knee injury was related to a work accident on February 19, 1999.
To support her contention that General Motors had recognized her left knee pain as work related, claimant refers to a printout of a computer screen displaying the words ‘Work Related Case?” and a corresponding filled-in space. However, Weeks testified that the printed screen was obtained from the employer’s medical unit and not from the administrative office, which made the decisions concerning workers’ compensation benefits. While the claimant’s apparent confusion is understandable, the record supports a finding that the print-out was generated in response to preliminary information supplied by claimant herself that she was injured while working, and does not represent a determination of entitlement to workers’ compensation benefits.
Although the claimant has expressed her adamant disagreement with the diagnoses made by each of her treating physicians, the medical evidence presented fully supports the diagnosis of arthritis in claimant’s left knee. Dr. Webb’s surgery confirmed this diagnosis. As we have noted, arthritis is specifically excluded as an occupational disease pursuant to the workers’ compensation statute.
*1007 In addition, neither the claimant nor her witnesses described the |7occurrence of a work accident during their testimony. Rather, the record demonstrates that claimant had experienced persistent left knee pain for several years prior to her last job. Based upon the medical evidence and the testimony presented, we find that the WCJ reasonably concluded that the claimant failed to establish that her left knee pain was the result of either an accident which occurred at work or an occupational disease. The claimant’s contentions lack merit.
CONCLUSION
For the foregoing reasons, the judgment of the Office of Workers’ Compensation is affirmed. Costs of this appeal are assessed to the appellant, Alberta Gosey.
AFFIRMED.